UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, <br><br>                                                            Plaintiffs, <br><br> -against- <br><br> SAFWAY ATLANTIC, LLC and S&E BRIDGE & SCAFFOLD LLC, <br><br>                                                            Defendants. | No. 16 CV <br><br> **COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1.  This is a civil action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145; and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans and for related relief.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4. Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, and Annuity, Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The ERISA Funds are organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3). The Trustees are fiduciaries of the ERISA Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation (together, with the Charity Fund and the ERISA Funds, as the "Funds") is a New York not-for-profit corporation organized and operated in accordance with Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), that maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

7. Safway Atlantic, LLC ("Safway Atlantic") is a Delaware based corporation with its principal place of business located at 700 Commercial Ave. Carlstadt, NJ 07072.

8. S&E Bridge & Scaffold LLC ("S&E") is a New York based corporation with its principal place of business located at 700 Commercial Ave. Carlstadt, NJ 07072.

9. Greg Karas "Karas" is the effective principal, owner, and operator of Safway Atlantic.

10. Colm Coen "Coen" is the effective principal, owner, and operator of S&E.

## FACTS

**Safway Atlantic Was Bound To a Collective Bargaining Agreement**

11. At relevant times, Safway Atlantic was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the New York City District Council of Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").

12. The CBA required Safway Atlantic to make periodic contributions to the Funds for work performed within the trade and geographical jurisdiction of the applicable union ("Covered Work").

13. Additionally, the CBA required Safway Atlantic to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

**Alter Ego Allegations**

14. At relevant times S&E was the alter ego of Safway Atlantic, and it had substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership and interrelated and interdependent operations and a centralized control of labor functions.

15. Safway Atlantic and S&E were engaged in the same type of work, with both companies performing carpentry work, construction work, and other Covered Work within the meaning of the CBA.

16. Safway Atlantic and S&E share a common address, 700 Commercial Avenue, Carlstadt, NJ 07072.

17. Safway Atlantic and S&E share ownership, in that they are both part of the sub-umbrella organization within Safway Group called the Safway Atlantic Group and are thereby both controlled by Keith Lynch and Michael Breslin.

18. Safway Atlantic and S&E share the same general liability insurance policy and the same workers' compensation policy.

19. Safway Atlantic made payments to S&E for Covered Work S&E performed within the meaning of Safway Atlantic's CBA.

20. Safway Atlantic and S&E performed the same work without any meaningful distinction in their operations.

21. Safway Atlantic used S&E for the purpose of avoiding Safway Atlantic's contractual and statutory obligations to the Funds by having S&E perform Covered Work without conforming to the terms of the CBA.

22. Safway Atlantic created or maintained a separate entity in order to perpetrate a fraud against the Funds and avoid its obligations to the Funds under the CBA.

23. As an alter ego of Safway Atlantic, S&E is subject to the terms of Safway Atlantic's CBA and is liable for Safway Atlantic's unpaid contributions to the Funds.

**THE FUNDS' FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Alter Ego Liability/Liability for Delinquent Contributions/Violation of the CBA)**

24. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

25. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

26. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

27. At relevant times, Safway Atlantic was a party to, or manifested an intent to be bound by the CBA.

28. The CBA and the documents and instruments governing the Funds require Safway Atlantic to make specified hourly contributions to the Funds in connection with all Covered Work and to submit to and comply with periodic payroll audits demanded by the Funds.

29. At relevant times, Safway Atlantic and S&E were alter egos of each other and had substantially identical management, business purpose, operations, equipment, customers, supervision, and ownership.

30. By virtue of their status as alter egos, Safway Atlantic and S&E are and have at all relevant times been bound by the CBA and are jointly and severally liable for each other's obligations thereunder.

31. S&E violated the terms of the CBA when it failed to remit contributions when it performed Covered Work within the meaning of Safway Atlantic's CBA.

32. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the CBA, the Collection Policy, and the documents and instruments governing the Funds, the Funds are entitled to an order: (1) directing S&E to submit to an audit of its books and records covering the period January 1, 2010 to the present; and (2) finding that S&E and Safway Atlantic are required to pay all delinquent contributions and other associated liquidated damages, interest, fees, and costs revealed by such an audit or otherwise found to be due and owing to the Funds during the course of this litigation.

**WHEREFORE,** Plaintiffs respectfully request that this Court issue an order:

(1) Declaring that Safway Atlantic and S&E are alter egos of each other and an order: (1) directing S&E to submit to an audit of its books and records covering the period January 1, 2010 to the present; and (2) finding that S&E and Safway Atlantic are required to pay all delinquent contributions and other associated liquidated damages, interest, fees, and costs revealed by such an audit or otherwise found to be due and owing to the Funds during the course of this litigation; and

(2) Awarding the Funds such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 21, 2016

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:  /s/
Charles R. Virginia
Todd Dickerson
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
*Attorneys for Plaintiffs*